IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY LEE EWING,

        Plaintiff,                    CIV-S-05-2588 WBS GGH PS

    vs.

DEPT. OF THE ARMY, et al.,

        Defendants.              <u>ORDER</u>

_____/

        On March 16, 2006, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within ten days.  No objections were filed.

        Accordingly, the court presumes any findings of fact are correct.  <u>See</u> <u>Orland v. United States</u>, 602 F.2d 207, 208 (9th Cir. 1999).  The magistrate judge's conclusions of law are reviewed de novo.  <u>See</u> <u>Britt v. Simi Valley Unified School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983).

        The court has reviewed the entire record in light of the applicable legal standards.  Plaintiff's two page document

1

1 entitled "wrongful termination," containing a self-styled caption
2 on page one listing the parties and a single paragraph on page
3 two, was construed by the magistrate judge and by this court as a
4 complaint.  In the magistrate judge's order of January 10, 2006,
5 plaintiff was advised that complaints are required to set forth
6 (1) the grounds upon which the court's jurisdiction rests, (2) a
7 short and plain statement of the claim showing entitlement to
8 relief; and (3) a demand for the relief plaintiff seeks. Rule 8
9 requires "sufficient allegations to put defendants fairly on
10 notice of the claims against them." McKeever v. Block, 932 F.2d
11 795, 798 (9th Cir. 1991).

12          Plaintiff was also informed of the reasons why his
13 complaint does not meet these requirements.  First, there is no
14 allegation of the basis for jurisdiction.  The complaint states
15 simply that this is "a federal question."  Simply naming the
16 Departments of the Army and Air Force, and claiming wrongful
17 termination because of a mental disability, without identifying
18 the federal right granting subject matter jurisdiction, however,
19 does not meet the pleading requirements.  Plaintiff was informed
20 that the court will not turn itself into an advocate for
21 plaintiff.  Second, the allegations in plaintiff's complaint are
22 so vague that the court is unable to determine whether the
23 current action is frivolous or fails to state a claim for relief.
24 Fed. R. Civ. P. 8(a)(2) requires a short and plain statement of
25 the claim, but the statement in the complaint is too short and
26 concise.  It states simply that "[plaintiff] was wrongfully

terminated because of a mental disability." This statement fails to give fair notice to the defendants and does not state the elements of the claim plainly and succinctly. <u>Jones v.Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Third, the complaint does not contain the necessary statement showing entitlement to relief.

All of the above was thoroughly explained to plaintiff in meticulous detail in the magistrate judge's order of January 10, 2006, and plaintiff was given thirty days to file an amended complaint to cure these defects. The thirty days have now passed, and plaintiff has not even attempted to file any amended complaint. Accordingly, the court must assume that the original complaint filed December 21, 2005 is the best that plaintiff can present. For the reasons which were explained in detail to him in the magistrate judge's order of January 10, 2006 that complaint is legally deficient and the court cannot permit him to go forward in this action on the basis of it.

IT IS THEREFORE ORDERED that this action be, and the same hereby is, dismissed. <u>See</u> Local Rule 11-110 (E.D. Cal. 1997); Fed. R. Civ. P. 41(b).

DATED:   April 25, 2006

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3